KEVIN V. RYAN (CSBN 118321)
United States Attorney

EUMI L. CHOI (WVBN 0722)
Chief, Criminal Division

CANDICE JAN (CSBN 184339)
Special Assistant United States Attorney

1301 Clay Street, Suite340S
Oakland, CA 9612-5217
Telephone: (510) 637-3699
Facsimile:  (510) 637-3724

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GREGORY P. MOELLER, ) <br> ) <br> Defendant. ) <br> ) | No. CR 05-00452 ~~WDB~~ SBA <br><br> [~~PROPOSED~~] ORDER AND STIPULATION REQUESTING COURT'S DETERMINATION WHETHER 18 U.S.C. § 1018 MAY APPLY TO THE FACTS OF THE PRESENT CASE |

On September 30, 2005, Defendant Gregory P. Moeller submitted a memorandum of points and authorities in support of the application of 18 U.S.C. § 1018 to the parties' plea agreement. With the agreement of the parties, and with the consent of the Defendant, the Court enters this order, agreeing to determine whether 18 U.S.C. § 1018 may apply to the facts of the instant case, on the Defendant's brief and without the parties' appearances. The parties agree, and the Court finds and holds, as follows:

    1.  The parties appeared before the Court on August 12, 2005 for Defendant's initial appearance and arraignment, with the intent that Defendant would plead guilty that day to one count of a violation of 18 U.S.C. Section 1018 ("Section 1018"). The Court, however, rejected the parties' plea agreement, and put the matter off calender indefinitely, to allow the parties to resolve whether the Defendant, in fact, falls within the category of persons who may be liable

1  under Section 1018.

2      2. After conducting additional legal research, the parties still agreed that Section 1018 applied and that resolution by misdemeanor plea under Section 1018 was still appropriate. Consequently, on September 30, 2005, the Defendant submitted a memorandum of points and authorities in support of the application of Section 1018 to the parties' plea agreement, with the hope that the prosecution could be resolved by misdemeanor plea under Section 1018 at the next hearing.

    3. Counsel for the defense believes it is in his client's best interest to have the Court determine whether Section 1018 may apply, based solely on Defendant's memorandum of points and authorities and without the parties' appearances. Defendant wishes to avoid incurring the cost of having defense counsel make a court appearance, only to have the Court reject the parties' pleas agreement on the same grounds. Such costs would be unduly burdensome to the Defendant, who is already financially constrained.

    4. The parties are currently scheduled for status hearing on October 18, 2005, at 10:00 a.m. before the Honorable Wayne D. Brazil. Should the Court not render any opinion on Defendant's memorandum of points and authorities by October 14, 2005, the parties will request that the October 18, 2005, hearing be taken off calendar and continued.

IT IS SO STIPULATED.

DATED: _____

GREGORY P. MOELLER
Defendant

DATED: _9/30/05_

CANDICE JAN
Special Assistant United States Attorney

DATED: _____

BRADY MCCLEOD
Attorney for GREGORY P. MOELLER

//

2

1 under Section 1018.

2. After conducting additional legal research, the parties still agreed that Section 1018 applied and that resolution by misdemeanor plea under Section 1018 was still appropriate. Consequently, on September 30, 2005, the Defendant submitted a memorandum of points and authorities in support of the application of Section 1018 to the parties' plea agreement, with the hope that the prosecution could be resolved by misdemeanor plea under Section 1018 at the next hearing.

3. Counsel for the defense believes it is in his client's best interest to have the Court determine whether Section 1018 may apply, based solely on Defendant's memorandum of points and authorities and without the parties' appearances. Defendant wishes to avoid incurring the cost of having defense counsel make a court appearance, only to have the Court reject the parties' plea agreement on the same grounds. Such costs would be unduly burdensome to the Defendant, who is already financially constrained.

4. The parties are currently scheduled for status hearing on October 18, 2005, at 10:00 a.m. before the Honorable Wayne D. Brazil. Should the Court not render any opinion on Defendant's memorandum of points and authorities by October 14, 2005, the parties will request that the October 18, 2005, hearing be taken off calendar and continued.

IT IS SO STIPULATED.

DATED: 9/30/05

GREGORY P. MOELLER
Defendant

DATED: 9/30/05

CANDICE JAN
Special Assistant United States Attorney

DATED: 9/30/05

BRADY McLEOD
Attorney for GREGORY P. MOELLER

//

2

1  IT IS SO ORDERED.

3  DATED: October 3, 2005

*[Signature: Wayne D. Brazil]*
Judge Wayne D. Brazil
United States Magistrate Judge

3